364 A.2d 255
**COMMONWEALTH of Pennsylvania**

v.

**David PHILLIPS, Appellant (two cases).**

Supreme Court of Pennsylvania.

Argued July 1, 1975.

Decided April 7, 1976.

Charles Lowenthal, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Carolyn Engle Temin, Asst. Dist. Atty., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

NIX, Justice.

Appellant David Phillips, after trial before a judge sitting without a jury, was convicted of murder of the first degree and carrying firearms on the public streets. Post-verdict motions were filed, argued and dismissed. Judgment of sentence of life imprisonment was entered on the murder conviction. This direct appeal followed.[1]

Appellant asserts three allegations of error from his trial: (1) that he was mentally incompetent at the time of the trial, See, *Commonwealth v. Davis,* 459 Pa. 575, 330 A.2d 847 (1975); *Commonwealth v. Kennedy,* 451 Pa. 483, 305 A.2d 890 (1973); (2) that he was mentally incompetent at the time of sentencing, See, *Commonwealth ex rel. Hilberry v. Maroney,* 424 Pa. 493, 227 A. 2d 159 (1967); and (3) that the court erred in refusing to appoint a psychiatrist to evaluate appellant's mental state, See generally, *Commonwealth v. Marshall,* 456 Pa. 313, 318 A.2d 724 (1974).

Although the court below found that appellant was competent at trial and sentencing, we do not believe that the record provided a sufficient basis for the finding with reference to his mental condition at the time of

1. Sentence was suspended on the firearms conviction. That conviction was appealed to the Superior Court, which certified the appeal to this Court for consolidation and disposition. The direct appeal from the murder conviction is before us pursuant to the Appellate Court Jurisdiction Act, 1970, July 31, P.L. 673, No. 223, art. II, § 202, 17 P.S. § 211.202.

trial. After the trial and before sentencing, the court ordered that a pre-sentence investigation report be prepared and that a psychiatric examination be conducted. See Pennsylvania Rule of Criminal Procedure 1403. This was done to assist the court in determining the appropriate sentence to be imposed and was not at the request of counsel for the defense. The psychiatric report revealed that Phillips was then laboring under a mental disability diagnosed as "Schizophrenic reaction, paranoid type in acute state". The report recommended that he should be immediately hospitalized for further evaluation and "intensive" treatment. This report was prepared eight days following the conclusion of the trial. Regrettably, the report did not address itself to the doctors' opinion as to Phillips' competency during trial.

In accordance with the recommendation, appellant was committed to the State Maximum Security Forensic Diagnostic Hospital at Holmesburg Prison for a period of 60 days. The report resulting from that hospitalization provided in pertinent part, the following diagnostic formulation:

"Personality Disorder—Mixed Type with schizoid and antisocial features. This disorder is manifested by lack of emotional response, narcissism, little regard for others, ineffective functioning in social and educational areas, minimal ego strength, and little capacity to avoid being easily led by others. Although he may have shown some symptoms of an acute psychotic process in the past few months, his present mental status is somewhat improved and he does not appear to be overtly psychotic. It is possible that he is in partial remission from a schizophrenic illness, but that diagnosis cannot be made with certainty at this time."

Again the report failed to consider the question of the competency of appellant during trial. At the competency hearing, Dr. Norman C. Jablon, Clinical Director of the Holmesburg Prison Diagnostic Hospital, although testi-

fying that appellant was, as of that time, competent to participate in legal proceedings, refused to offer an opinion as to his competency at the time of the trial of the cause. The sentencing hearing was held three months thereafter.

While there may have been support for the finding of competency during the sentencing proceeding which was subsequent to the hospitalization and evaluation, the record is absolutely barren of any basis for a finding of competency at the time of trial.[2]

We direct that the Court of Common Pleas of Philadelphia County hold an evidentiary hearing to determine the competency of appellant to stand trial in June 1974 and file its determination with this Court. We will retain jurisdiction of this appeal pending adjudication of appellant's competence during trial. Following the competency determination, the parties may, if they so desire, have 30 days in which to file supplemental briefs in this Court. Further the Court is directed to permit examination of appellant by an independent psychiatrist designated by the defense. Cost of said examination to be borne by the Commonwealth.

Case remanded for proceedings in conformity with this opinion.

2. During the trial, appellant stammered to such an extent that his oral responses were completely unintelligible and he was required to write his answers to the questions propounded to him.